1 | William M. Woolman, State Bar No. 145124
Charles P. Hamamjian, State Bar No. 298685
2 | **SAGASER, WATKINS & WIELAND, PC**
5260 North Palm Avenue, Suite 400
3 | Fresno, California 93704
Telephone: (559) 421-7000
4 | Facsimile: (559) 473-1483

5 | Attorneys for Defendant, OUTBACK, INC.

6

7

8 | UNITED STATES COURT FOR THE

9 | EASTERN DISTRICT OF CALIFORNIA

10 | JESSE GIL, individually and on behalf of all
other similarly situated employees,

Case No.:
Sup. Court Case No. 21CECG03273

11
12 | Plaintiff,

**DEFENDANT OUTBACK INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(A) [FEDERAL QUESTION](FRESNO SUPERIOR COURT CASE NO. 21CECG03273)**

13 | vs.

14 | OUTBACK, INC., a California Corporation,
an individual; and DOES 1 to 100, inclusive,

15

16 | Defendants.

17

18 | **THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN**

19 | **DISTRICT OF CALIFORNIA:**

20 | **PLEASE TAKE NOTICE** that Defendant, OUTBACK, INC., by its undersigned

21 | attorneys, respectfully submits this Notice of Removal in the above-captioned action from the

22 | Superior Court of the State of California, County of Fresno, Case No. 21CECG03273, to the

23 | United States District Court for the Eastern District of California pursuant to 28 U.S.C. Sections

24 | 1441(a) and 1446. This Court has original jurisdiction over this action under 28 U.S.C. § 1331,

25 | and may remove this action from the Superior Court of California, County of Fresno, where it was

26 | initiated.

27 | ///

28

1

**DEFENDANT OUTBACK INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(A) [FEDERAL QUESTION](FRESNO SUPERIOR COURT CASE NO. 21CECG03273)**

011302.00004 - 347393.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

1   This Court's jurisdiction derives from (1) the Federal Motor Carrier Safety Act of 1984,

2   and its Regulations, 49 U.S.C. § 31141, 49 C.F.R. § 395.3, which provide complete preemption of

3   Plaintiff's overtime, meal period and rest period claims.

**Jurisdiction – Federal Motor Carrier Safety Administration's**

**Hours of Service Regulations (49 U.S.C. § 31141)**

1.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. Section 1441(a) because it arises under the Federal Motor Carrier Safety Act of 1984, and its Regulations ("**MCSA**"), 49 U.S.C. § 31141, 49 C.F.R. § 395.3.

2.   On December 28, 2018, the Federal Motor Carrier Safety Administration ("**FMCSA**") issued a final order granting the Petition for Determination of Preemption of California's Meal and Rest Break Rules ("**MRB Rules**") for Commercial Motor Vehicle Drivers, finding that California's meal and rest break requirements contained in California Labor Code Sections 226.7 and 512 are completely preempted under 49 U.S.C. § 31141 as applied to property-carrying commercial motor vehicle drivers covered by the FMCSA's hours of service ("**HOS**") regulations. Docket No. FMCSA-2018-0304; 83 Fed. Reg. 67470; 2018 WL 6809341 (F.R.) (December 28, 2018) ("**Determination of Preemption**"). The FMCSA concluded, "[b]ecause California's MRB Rules impose the same types of restrictions on CMV driver duty and driving times as the FMCSA's HOS regulations, which were enacted pursuant to the Secretary's authority in section 31136, they are 'regulations on commercial motor vehicle safety.'" Id. at 67473. Thus, California's MRB rules are "State law[s] or regulation[s] on commercial motor vehicle safety," within the meaning of 49 U.S.C. § 31141 and are preempted because they are incompatible with Federal HOS regulations. 83 Fed. Reg. at 67473-74, 67477.

3.   Accordingly, the FMCSA granted the Determination of Preemption, explicitly finding that "[California's] MRB Rules are preempted pursuant to 49 U.S.C. § 31141. California may no longer enforce the MRB Rules with respect to drivers of property-carrying CMVs subject

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

2

**DEFENDANT OUTBACK INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(A) [FEDERAL QUESTION](FRESNO SUPERIOR COURT CASE NO. 21CECG03273)**

011302.00004 - 347393.1

1  to FMCSA's HOS rules." 83 Fed. Reg. at 67480; *See Int'l Brotherhood of Teamsters, Local 2785*

2  *v. FMCSA,* Case No. 19-70323, 986 F.3d 841, 2021 U.S. App. LEXIS 1151 (9th Cir. Jan. 15,

3  2021); 83 Fed. Reg. at 67480*; Razo v. Cemex Constr. Materials Pac., LLC* (C.D. Cal. Feb. 1,

4  2021, No. CV 20-11175-MWF (KSx)) 2021 U.S. Dist. LEXIS 18850.)(finding that ready-mixed

5  concrete drivers are subject to the FMCSA HOS regulations and that California's meal and rest

6  break claims are completely preempted by federal law); *Connell v. Heartland Express, Inc.*, 2020

7  WL 813022 (C.D. Cal. Feb. 6, 2020) (dismissing meal and rest break claims based on FMCSA

8  preemption); *Sales v. United Road Services, Inc.*, 2020 WL 4035072 (N.D. Cal. July 7,

9  2020)(granting motion to dismiss meal and rest break claims as preempted by FMCSA).

10      4.    Furthermore, the FMCSA's Determination of Preemption was promulgated under

11  49 U.S.C. § 31141. 83 Fed. Reg. at 67473. Under Section 31141, the Secretary of Transportation

12  is authorized to make a determination that state laws meeting certain criteria are preempted and

13  may not be enforced. 49 U.S.C. § 31141. The Secretary of Transportation's authority to issue such

14  determinations has been delegated to the FMCSA Administrator. *See* 49 C.F.R. § 1.87(f) (2016).

15  Under Section 31141, judicial review of a Department of Transportation preemption determination

16  may only be heard by a circuit court. *See* 49 U.S.C.§31141(f).

17      5.    Plaintiff alleges that he and other similarly situated, hourly, nonexempt employees

18  were employed by Defendant to haul and deliver concrete to public and private construction sites

19  throughout central California. (Exh. 1, Compl. ¶15) Plaintiff and the allegedly aggrieved

20  employees were employed as ready-mix truck drivers, and are required to follow and comply with

21  the FMCSA's HOS regulations. See accompanying Decl. of Deni Armas ("Armas Declaration") ¶

22  2,3.

23      6.    Plaintiff filed this class action lawsuit seeking the recovery of damages based on

24  several alleged violations of the California Labor Code including failure to pay minimum wages,

25  failure to pay overtime wages, meal period violations, rest period violations, wage statement

26  violations, failure to timely pay final wages, failure to reimburse expenses, and unfair competition.

27  Plaintiff also submitted a notice to the Labor and Workforce Development Agency of its intent to

28

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

3

**DEFENDANT OUTBACK INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(A) [FEDERAL QUESTION](FRESNO SUPERIOR COURT CASE NO. 21CECG03273)**

011302.00004 - 347393.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

bring a Private Attorney General's Act cause of action once administrative remedies have been exhausted (Exh. A, Compl. ¶1).

7. Included in Plaintiffs claims are allegations seeking to recover penalties based on alleged violation of California's MRB Rules under California Labor Code Sections 226.7 and 512 and Industrial Welfare Commission ("**IWC**") Wage Order No. 16, section 11(A) alleging that Defendants failed to "authorize and permit all legally required and compliant meal periods" to Plaintiff and allegedly aggrieved employees under California Labor Code Section 226.7, including by (1) failing to authorize or permit Plaintiff and allegedly aggrieved truck driver employees to take duty-free, uninterrupted, and timely meal periods of no less than 30 minutes when they worked shifts of more than five hours in length; (2) and failing to authorize and permit Plaintiff and allegedly aggrieved truck driver employees a second meal period when they worked shifts of more than 10 hours in length. (Exh. A, Compl. ¶21).

8. Plaintiff's complaint also includes allegations seeking to recover damages based on alleged violation of California's rest break rules under California Labor Code Sections 226.7, alleging that Defendants failed to provide legally required and compliant rest periods to Plaintiff and allegedly aggrieved truck driver employees in violation of California law. (Exh. A, Compl. ¶22)

9. In addition to meal and rest break claims, Plaintiff claims that Defendant was required to compensate Plaintiff overtime wages at one and one-half times the regular rate of pay for hours worked in excess of eight per day and /or forty hours per week and two times the regular ate of pay for hours worked in excess of twelve hours per day. (Exh. A, Compl. ¶ 28)

10. Based on the FMCSA's Determination of Preemption under 49 U.S.C. Section 31141, Plaintiffs claims for meal and rest period premiums under Plaintiff's complaint are completely supplanted by federal law and, as such, arise under federal law and are removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law."); Retail

4

**DEFENDANT OUTBACK INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(A) [FEDERAL QUESTION](FRESNO SUPERIOR COURT CASE NO. 21CECG03273)**

011302.00004 - 347393.1

1  Property Trust v. United Brotherhood of Carpenters and Joiners of America, 768 F.3d 938, 947

2  (9th Cir. 2014) ("When a plaintiff raises such a completely preempted state-law claim in his

3  complaint, a court is obligated to construe the complaint as raising a federal claim and therefore

4  'arising under' federal law.") (citations omitted).

5          11.     Plaintiff's claims for overtime pay also arise under federal law and removable to

6  federal court pursuant to the exemptions provided for under the Fair Labor Standards Act

7  ("**FLSA**") and as set forth in IWC Wage Order No. 9-2100.

8          12.     The FLSA applies to employers that (1) have two or more employees, (2) have

9  gross annual sales of not less than $500,000, and (3) produce or handle goods in interstate

10  commerce or are part of an "enterprise" engaged in producing or handling goods in interstate

11  commerce. 29 U.S.C. § 203(s)(1)(A) and (B).  An enterprise is engaged in commerce if it has

12  employees engaged in handling, selling, or otherwise working on goods that have moved in, or

13  been produced for, commerce. 29 U.S.C. § 206(a).

14          13.     The FLSA requires employers to pay nonexempt employees a minimum wage and

15  overtime for work in excess of 40 hours in any one workweek at a rate of not less than one and

16  one-half times their regular rate of pay. 29 U.S.C. § 207(a). However, the motor carrier exemption

17  from the overtime provisions of the FLSA is a commonly invoked exemption. The exemption

18  applies to employees who are (1) employed by motor vehicle carriers who transport passengers or

19  property and are subject to the Secretary of Transportation's jurisdiction under Section 204 of the

20  Motor Carrier Act and (2) perform activities that directly affect the operational safety of motor

21  vehicles that transport passengers or property on public highways in interstate or foreign

22  commerce. 29 C.F.R. § 782.2(a). The exemption preserves the jurisdiction of the U.S. Department

23  of Transportation to set the hours of these motor carriers. *See* 29 U.S.C. 213(b)(1).

24          14.     Generally, California employers must pay overtime to non-exempt employees of

25  1.5 times their regular rate of pay for all hours worked over eight in one day or forty in a week and

26  for the first eight hours worked on the seventh consecutive day of work in a workweek. Employers

27  must pay double the regular rate for all hours worked over twelve in one day and over eight hours

28

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

5

**DEFENDANT OUTBACK INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(A) [FEDERAL QUESTION](FRESNO SUPERIOR COURT CASE NO. 21CECG03273)**

1   during the seventh consecutive day of work in a workweek. Cal. Lab. Code §§ 510, 1194.

2        15.     However, like the FLSA, the California IWC also provides for an exemption for

3   transportation industry employees who are subject to federal hours of service regulations. IWC

4   Wage Order No. 9-2001 Section 3(L) states, "The provisions of this section are not applicable to

5   employees whose hours of service are regulated by (1) The United States Department of

6   Transportation Code of Federal Regulations, Title 49, Sections 395.1 to 395.13, Hours of Service

7   of Drivers, or; (2) Title 13 of the California Code of Regulations, subchapter 6.5, Section 1200 and

8   the following sections, regulating hours of drivers. *See* IWC Wage Order No. 9, Section 3(L).

9        16.     As stated above, Plaintiff and other allegedly aggrieved employees were employed

10   by Defendant as ready-mixed concrete drivers.  Ready-mixed concrete truck drivers are a category

11   of driver explicitly covered by the FMCSA HOS regulations: "Ready-mixed concrete delivery

12   vehicle. A driver of a ready-mixed concrete delivery vehicle subject to the requirement for a 30-

13   minute rest break in § 395.3(a)(3)(ii) may use 30-minutes or more of time spent while waiting

14   with the commercial motor vehicle at a job site or terminal to meet the requirement for the 30-

15   minute rest break, providing the driver performs no other work during the break." 49 C.F.R. §

16   395.1(t); *Razo v. Cemex Constr. Materials Pac., LLC* (C.D. Cal. Feb. 1, 2021, No. CV 20-11175-

17   MWF (KSx)) 2021 U.S. Dist. LEXIS 18850..  Moreover, FMSCA regulations are applicable to all

18   employers, employees, and commercial motor vehicles that transport property or passengers in

19   interstate commerce. *Id.*

**State Court Action**

21        18.     On November 3, 2021, Plaintiff Jesse Gil filed a Complaint for Damages in the

22   Superior Court of California, County of Fresno, entitled: JESSE GIL, individually and on behalf

23   of all other similarly situated employees, v. OUTBACK INC. and Does 1 to 100, Case No.

24   21CECG03273. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

25   Defendant answer was filed on December 21st, 2021. A true copy is attached as part to **Exhibit B**.

26   ///

27   ///

28

**DEFENDANT OUTBACK INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28
U.S.C. §1441(A) [FEDERAL QUESTION](FRESNO SUPERIOR COURT CASE NO.
21CECG03273)**

011302.00004 - 347393.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

### Timely Removal

19.   Plaintiff's counsel provided Defendant OUTBACK INC.'s counsel, William W. Woolman, with the Complaint and a Notice and Acknowledgment of Receipt. Defendant's counsel, Charles P. Hamamjian, signed and returned the Notice and Acknowledgment of Receipt to Plaintiff on November 24, 2020. A true and correct copy of the Notice and Acknowledgement of Receipt is attached hereto as **Exhibit C**. This removal petition is timely filed, as 28 U.S.C. Section 1446(b) provides that the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Service here was completed under California Law when the Notice and acknowledgement was executed and returned.

### Venue

20.   Venue lies in the United States District Court for the Eastern District of California in that the state court action was filed and is pending in the Superior Court of the State of California in and for the County of Fresno, which is in this judicial district.

### Notice and Service

21.   Defendant OUTBACK INC. will promptly serve Plaintiff with this Notice of Removal and file this Notice with the Clerk of the Superior Court for the State of California, County of Fresno, as required by 28 U.S.C. § 1446(d).

///
///
///
///
///
///
///
///

**DEFENDANT OUTBACK INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(A) [FEDERAL QUESTION](FRESNO SUPERIOR COURT CASE NO. 21CECG03273)**

011302.00004 - 347393.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5280 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

**State Court Documents**

22.    Pursuant to 28 U.S.C. Section 1446(a), Defendant OUTBACK INC. attaches herewith and incorporates by reference the following documents, which are all process, pleadings, and orders served upon Defendants and filed in the Superior Court of the State of California for the County of Fresno prior to the filing of this Notice of Removal. The following documents are attached hereto and incorporated by reference as part of Exhibit A:

Exhibit A:    Complaint for Damages

Exhibit B:    Answer to Complaint

Exhibit C:    Notice and Acknowledgement of Receipt

WHEREFORE, Defendant OUTBACK INC respectfully requests that this action now proceed in this Court as an action properly removed.

Dated: December 22, 2021                    SAGASER, WATKINS & WIELAND PC


By:    /s/William M. Woolman
       William M. Woolman
       Charles P. Hamamjian
       Attorneys for Defendant,
       Outback, Inc.

8

**DEFENDANT OUTBACK INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(A) [FEDERAL QUESTION](FRESNO SUPERIOR COURT CASE NO. 21CECG03273)**

011302.00004 - 347393.1

# Exhibit A

Galen T. Shimoda (Cal. State Bar No. 226752)
Justin P. Rodriguez (Cal. State Bar No. 278275)
Jessica L. Hart (Cal. State Bar No. 331441)
**Shimoda Law Corp.**
9401 East Stockton Boulevard, Suite 120
Elk Grove, CA 95624
Telephone: (916) 525-0716
Facsimile: (916) 760-3733

Attorneys for Plaintiff JESSE GIL,
individually and on behalf of all other similarly situated employees

E-FILED
11/3/2021 12:21 PM
Superior Court of California
County of Fresno
By: Jamie Nelson, Deputy

## SUPERIOR COURT OF CALIFORNIA

## FOR THE COUNTY OF FRESNO

| | |
|---|---|
| JESSE GIL, individually and on behalf of all other similarly situated employees, | Case No.   21CECG03273 |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR DAMAGES:** |
| OUTBACK, INC., a California Corporation, an individual; and DOES 1 to 100, inclusive, | 1. Failure to Pay Overtime Wages<br>2. Failure to Pay Minimum Wages<br>3. Meal Period Violations |
| Defendants. | 4. Rest Period Violations<br>5. Wage Statement Violations<br>6. Waiting Time Penalties<br>7. Failure to Reimburse Expenses<br>8. Unfair Competition |
| | **DEMAND FOR JURY TRIAL** |

FILED BY FAX

**CLASS ACTION COMPLAINT**

Plaintiff JESSE GIL ("Plaintiff"), on behalf of himself and all other similarly situated employees, hereby files this Complaint against Defendants OUTBACK, INC., a California Corporation; and DOES 1 to 100, inclusive (hereinafter all collectively referred to as "Defendants"). On information and belief, Plaintiff alleges the following:

## INTRODUCTION

1.     This is a class action lawsuit brought by Plaintiff for failure to pay minimum wages, failure to pay overtime wages, meal period violations, rest period violations, wage statement violations, failure to timely pay final wages, failure to reimburse expenses, and unfair competition.  Plaintiff has also submitted a notice to the Labor and Workforce Development Agency of Plaintiff's intent to bring a Private Attorneys General Act ("PAGA") cause of action.  Plaintiff will amend this Complaint to include a PAGA cause of action once Plaintiff has exhausted administrative remedies.

## JURISDICTION AND VENUE

2.     The Fresno County Superior Court has jurisdiction in this matter pursuant to California Code of Civil Procedure section 410.10 to determine alleged violations of the California Labor Code, California Business and Professions Code, and Wage Order No. 16.

3.     Venue is proper pursuant to Civil Procedure Code §§ 395 and 395.5, in that Defendants reside in Fresno County.  In addition, some of the wrongful acts and violations of law asserted herein occurred within Fresno County, and Defendants' obligation to pay wages arose in Fresno County pursuant to *Madera Police Officers Assn. v. City of Madera,* 36 Cal.3d 403, 414 (1984).

## PARTIES

4.     JESSE GIL is an individual over the age of eighteen (18) and is a resident of the State of California.

5.     On information and belief, Plaintiff alleges, OUTBACK, INC., is now and/or at all times mentioned in this Complaint was a California Corporation and the owner and operator of an industry, business and/or facility doing business in the State of California.

6.     Defendants DOES 1 through 100 are affiliates, subsidiaries and related entities and the alter egos of each of the other Defendants named herein, corporate or otherwise, who participated in and

1

CLASS ACTION COMPLAINT

1  are liable for the actions herein alleged.  Plaintiff will seek to amend this Complaint to allege the true
2  names and capacities of these DOE Defendants when they are ascertained.

3         7.     At all times mentioned herein, each Defendant was the agent or employee of each of the
4  other Defendants and was acting within the course and scope of such agency or employment.  The
5  Defendants are jointly and severally liable to Plaintiff.

6         8.     Defendants, and each of them, are now and/or at all times mentioned in this Complaint
7  were members of and/or engaged in a joint employment, joint venture, partnership and common
8  enterprise, and were acting within the course and scope of, and in pursuance of said joint employment,
9  joint venture, partnership and common enterprise.

10         9.     Defendants, and each of them, now and/or at all times mentioned in this Complaint
11  approved, ratified, acquiesced, aided or abetted the acts and omissions alleged in this Complaint.

12        10.    Defendants proximately caused Plaintiff to be subjected to the unlawful practices,
13  wrongs, complaints, injuries and/or damages alleged in this Complaint.

14  **CLASS ALLEGATIONS**

15        11.    Plaintiff brings the First through Eighth Causes of Action on behalf of himself and all
16  others similarly situated as a class action pursuant to California Code of Civil Procedure section 382.
17  The class which Plaintiff seeks to represent is composed of, and defined, as follows:

18
19                     all non-exempt employees who have or continue to work for Defendants
                   from four (4) prior to filing this complaint to the present.

20        12.    This action has been brought and may be properly maintained as a class action,
21  pursuant to the provision of California Code of Civil Procedure section 382, because there is a well-
22  defined community of interests in the litigation and the proposed class is easily ascertainable.

23      (a)    <u>Numerosity</u>: The putative class is so numerous that the individual joinder of all members
24                is impracticable under the circumstances of this case.  While the exact number of class
25                members is unknown to Plaintiff at this time, Plaintiff is informed and believes that
26                Defendants have employed as many as one hundred (100) individuals falling within the
27                above stated class definition throughout the State of California during the applicable

28

statute of limitations, who were subjected to the policies and practices outlined in this Complaint. As such, joinder of all members of the putative class is not practicable.

(b)   Common Questions Predominate: Common questions of law and fact exist as to all members of the putative class and predominate over questions that affect only individual members of the class. These common questions of law and fact include, without limitation, the following:

(1)   Whether Defendants paid Plaintiff and putative class members for all hours worked;

(2)   Whether Defendants paid Plaintiff and putative class members all overtime wages they were owed;

(3)   Whether Defendants had a policy or practice of failing to take into account different rates of pay paid to Plaintiff and putative class members, including shift differentials and prevailing wages, to calculate their regular rates of pay;

(4)   Whether Defendants failed to authorize and permit Plaintiff and putative class members to take meal periods;

(5)   Whether Defendants failed to authorize and permit Plaintiff and putative class members to take rest periods;

(6)   Whether Defendants failed to authorize and permit second meal periods and third rest periods when Plaintiff and putative class members worked over 10 hours in a day;

(7)   Whether Defendants failed to authorize and permit Plaintiff and putative class members to begin meal periods before the end of their fifth hour of work;

(8)   Whether as a result of Defendants' policies and practices Plaintiff's and putative class members received all wages, due and owing, at the time of their termination or separation; and

(9)   Whether Defendants provided Plaintiff's and putative class members with wage statements that complied with Labor Code section 226.

CLASS ACTION COMPLAINT

(c)  Typicality: Plaintiff's claims are typical of the claims of the members of the putative class. The putative class also sustained damages arising out of Defendants' common course of conduct in violation of the law as complained of herein. Plaintiff and all members of the putative class were non-exempt employees who were not paid for all hours worked and all overtime wages earned, did not receive all meal and rest periods, and were not reimbursed for the use of their personal cellphones. Additionally, Defendants issued Plaintiff and all members of the putative class wage statements that did not comply with Labor Code section 226 and failed to timely pay them their final wages. As a result, Plaintiff and each member of the putative class will have suffered the same type of harm and seek the same type of recovery based on the same legal theories.

(d)  Adequacy: Plaintiff will fairly and adequately protect the interests of the members of the putative class. For all relevant times, Plaintiff resided in California and worked for Defendants in California. Moreover, Plaintiff is an adequate representative of the putative class as Plaintiff has no interests that are adverse to those of putative class members. Additionally, Plaintiff has retained counsel who has substantial experience in complex civil litigation and wage and hour matters.

(e)  Superiority: A class action is superior to other available means for the fair and efficient adjudication of the controversy since individual joinder of all members of the putative class is impracticable. Class action treatment will permit a larger number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Further, as damages suffered by each individual member of the class may be relatively small, the expenses and burden of the individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, and an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

CLASS ACTION COMPLAINT

13.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## GENERAL ALLEGATIONS

14.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 13 as though fully set forth herein.

15.     Plaintiff worked for Defendants from approximately December 2017 to September 1, 2021, as hourly, non-exempt employee.  Similarly situated employees also worked for Defendants as non-exempt, hourly employees.  Plaintiff and similarly situated employees performed work hauling and delivering concrete to and from public and private construction sites throughout central California.

16.     Plaintiff and similarly situated employees worked on prevailing wage jobs, as well as non-prevailing wage jobs for Defendants.  Sometimes Plaintiff and similarly situated employees would work non-prevailing wage jobs and prevailing wage jobs in the same day and/or the same workweek.  Although Defendants paid Plaintiff and similarly situated employees some prevailing wages owed, Defendants failed to pay Plaintiff and similarly situated employees all prevailing wages they were entitled to.  There were also numerous instances where Defendants only paid Plaintiff and similarly situated employees their non-prevailing wage rates rather than the correct prevailing wage rates even though Plaintiff and similarly situated employees were working on government funded projects and construction worksites.  Plaintiff is informed and believes that Defendants were aware that the work performed was subject to prevailing wage law and that Defendants lacked any good faith basis for failing to pay the prevailing wage rates, including overtime based on the prevailing wage rates.

17.     In addition to failing to pay the prevailing wage rate, Plaintiff and similarly situated employees were not paid minimum or overtime wages for all hours worked.  For instance, per company policy, Plaintiff and similarly situated employees were required to arrive prior to the start of their shifts to clean and prepare their vehicles and were not paid for this time.  Additionally, there were instances when Plaintiff and similarly situated employees would have to attend mandatory meetings, drive trucks in need of repair to the repair shops, and complete post-shift paperwork and were, similarly, not paid for this time.

18.     Plaintiff and similarly situated employees worked over eight (8) hours in a day and/or forty (40) hours in a week on numerous occasions and were not properly paid overtime wages for this time. By failing to account for all hours worked, as described above, and by failing to account for the value of all payments made when calculating the regular rate of pay, including blending prevailing wage and non-prevailing wage earnings in the same workweek, Defendants failed to pay Plaintiff and similarly situated employees all overtime wages owed, all meal and rest period premiums owed, and sick leave wages due.

19.     Similarly, when Plaintiff and similarly situated employees were paid multiple different base wage rates, for instance, driving the Slider truck, Defendants failed to consistently incorporate this higher hourly wage rate into the regular rate of pay for the purposes of calculating overtime, meal and rest periods premiums, and sick leave pay.

20.     In addition to not being correctly paid overtime and prevailing wages, Plaintiff and similarly situated employees were sometimes not paid overtime wages when they worked more than eight (8) hours in a day at more than one project location. For instance, Defendants would often have Plaintiff and similarly situated employees work on both a prevailing wage project and private project in a single day. Even though the second project would often run into overtime, Plaintiff and similarly situated employees would, nonetheless, only be paid for the second project at their regular, base rate of pay. These hours were recorded on separate time sheets and not aggregated for daily or weekly overtime purposes.

21.     Defendants, further, did not authorize and permit Plaintiff and similarly situated employees to take a full, uninterrupted thirty (30) minute meal periods every five (5) hours and ten (10) minute rest periods every four (4) hours or major fraction thereof. Indeed, it was Defendants' policy not to provide drivers with ten (10) minute rest breaks, and the policy they did have for rest breaks was defective on its face because it only permitted rest breaks every four (4) hours for non-drivers.

22.     In addition to missing a vast majority of their rest breaks, due to the demands of the job and directives of dispatchers and managers, Plaintiff and similarly situated employees often missed their first lunch breaks, or, in this least, their lunch breaks were late and/or cut short. In fact, Plaintiff and similarly situated employees were directed by upper management and training personnel to log a meal

CLASS ACTION COMPLAINT

break even when they were not able to take one.  Not only did Defendants' end of year bonus payments penalize Plaintiff and similarly situated employees for missed breaks, Plaintiff and similarly situated employees would get in trouble with management for not logging meal breaks even when they were unable to take them.  Like first meal periods, Plaintiff and similarly situated employees were also regularly deprived of the ability to take a second meal periods or third rest periods when they work over ten (10) or twelve (12) hours in a day.

23.     Defendants also did not timely pay Plaintiff and similarly situated employees all wages owed to them.  Specifically, Defendants failed to pay Plaintiff and similarly situated employees all wages they earned between the 1st and 15th days of the month between the 16th and the 26th day of the month during which the work was performed, and all wages they earned between the 16th and the last day of the month between the 1st and 10th day of the following month.

24.     Finally, Defendants failed to reimburse Plaintiff and similarly situated employees for all expenses they incurred for work, including the use of their personal cellphones and tools required for work.  For instance, Plaintiff and similarly situated employees used their phones to clock in and out of work, to communicate with other staff and management during their shift, and for GPS to locate delivery sites.  Despite this, Defendants failed to have any policy or practice to reimburse them for such use.

25.     As a result of these practices, Defendants failed to provide Plaintiff and similarly situated employees with accurate wage statements.  The wage statements did not accurately itemize Plaintiff's and similarly situated employees' total hours worked, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, and the correct amount of gross and net wages.

26.     At the time of Plaintiff's and similarly situated employees' termination and/or separation, Plaintiff and similarly situated employees had regular and overtime wages owing to them, meal and rest period premiums, and paid sick time.  To date, Defendants have not paid Plaintiff and similarly situated employees these unpaid wages.

//

//

//

7

CLASS ACTION COMPLAINT

<u>CAUSES OF ACTION</u>

<u>FIRST CAUSE OF ACTION</u>
<u>FAILURE TO PAY OVERTIME WAGES</u>
<u>(As to all Defendants)</u>

27.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 26 as though fully set forth herein.

28.    During the period Plaintiff was employed by Defendants, Defendants were required to compensate Plaintiff at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day. *See, e.g.*, IWC Wage Order No. 16, section (3)(A); Cal. Lab. Code §§ 510, 1194.

29.    Plaintiff and similarly situated employees worked in excess of eight (8) hours per day and/or forty (40) hours per week on several occasions while employed by Defendants. However, Defendants failed to compensate Plaintiff and similarly situated employees for all overtime hours worked at their regular rate of pay.

30.    Plaintiff and similarly situated employees were not exempt from overtime protections employees under the California Wage Orders and Labor Code.

31.    As a proximate result of Defendants' conduct, Plaintiff and similarly situated employees have been damaged as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

<u>SECOND CAUSE OF ACTION</u>
<u>FAILURE TO PAY MINIMUM WAGES</u>
<u>(As to all Defendants)</u>

32.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 31 as though fully set forth herein.

33.    For the period preceding the filing of this Complaint, Defendants were required to compensate Plaintiff and similarly situated employees with at least California's applicable minimum for every hour worked. *See* MW-Order 2019; IWC Wage Order, No. 16, section 4(A); Cal. Lab. Code § 1194.

//

8

<u>CLASS ACTION COMPLAINT</u>

34.     Plaintiff was not exempt to the State's Minimum Wage Order.  Defendants aware of their obligation to pay the minimum wage for each hour worked but failed to do so.

35.     As a proximate result of Defendants' conduct, Plaintiff and similarly situated employees have been damaged as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**THIRD CAUSE OF ACTION**
**MEAL PERIOD VIOLATIONS**
**(As to all Defendants)**

36.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 35 as though fully set forth herein.

37.     An employer must provide an employee a meal period in accordance with the applicable Wage Order, and California Labor Code sections 226.7 and 512.

38.     California Labor Code sections 226.7 and 512 and IWC Wage Order No. 16, section 11(A) require an employer to provide an uninterrupted meal period of not less than thirty (30) minutes for each work period of more than five (5) hours.

39.     California Labor Code section 512 and Wage Order No. 16 section 11(B) further provide that employers may not employ employees for a work period for more than ten (10) hours per day without providing the employee with a second meal period of at least thirty (30) minutes. However, if the total hours worked is no more than twelve (12) hours, the second meal period may be waived so long as there was no waiver as to the first meal period.  Employees are entitled to one (1) hour of pay at their regular rate of compensation for each meal period not provided.

40.     Defendants employed Plaintiff and similarly situated employees for periods of more than five (5) hours without providing meal breaks of at least thirty (30) minutes or a second meal period of at least thirty (30) minutes when Plaintiff and similarly situated employees worked more than ten (10) hours in a day.  Defendants also failed to allow Plaintiff and similarly situated employees to take their first meal period before the completion of their fifth hour of work and failed to allow Plaintiff and similarly situated employees to take their second meal period before the completion of their tenth hour of work.  Plaintiff and similarly situated employees did not waive their rights to all meal periods throughout their employment.

9

CLASS ACTION COMPLAINT

1    41.    Defendants further failed to pay Plaintiff and similarly situated employees the
2    applicable meal period premiums for any such missed meal breaks.

3    42.    As a proximate result of Defendants' conduct, Plaintiff and similarly situated
4    employees have been damaged as stated in the section below entitled "DAMAGES," which is
5    incorporated here to the extent pertinent as if set forth here in full.

6
7    **FOURTH CAUSE OF ACTION**
     **REST PERIOD VIOLATIONS**
     **(As to all Defendants)**

8    43.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 42 as though fully
9    set forth herein.

10   44.    An employer must provide an employee a rest period in accordance with the
11   applicable Wage Order and California Labor Code section 226.7.

12   45.    California Labor Code section 226.7 and Wage Order No. 16, section 12(A) require
13   an employer to provide a rest period of not less than ten (10) minutes for each work period of more
14   than four (4) hours or a major fraction thereof.

15   46.    Plaintiff alleges that Defendants failed to authorize and permit Plaintiff and similarly
16   situated employees to take paid rest periods of at least ten (10) minutes for each work period that
17   they worked more than four (4) hours or a major fraction thereof.

18   47.    Defendants further failed to pay Plaintiff and similarly situated employees the
19   applicable rest period premiums for any such missed rest periods.

20   48.    As a proximate result of Defendants' conduct, Plaintiff and similarly situated
21   employees have been damaged as stated in the section below entitled "DAMAGES," which is
22   incorporated here to the extent pertinent as if set forth here in full.

23
24   **FIFTH CAUSE OF ACTION**
     **WAGE STATEMENT VIOLATIONS**
     **(As to all Defendants)**

25   49.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 48 as though fully
26   set forth herein.

27   50.    Pursuant to California Labor Code section 226(a), an employer must provide an itemized
28   statement to an employee, semimonthly or at the time of each payment of wages, showing:

**CLASS ACTION COMPLAINT**

*(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.*

51. Plaintiff alleges that Defendants intentionally and knowingly failed to provide an itemized statement or failed to provide an accurate and complete itemized statement showing the requirements set forth in California Labor Code section 226(a). Specifically, Defendants did not accurately itemize all applicable hourly rates in effect during the pay period, all regular, overtime and double time hours worked and corresponding rates of pay, and gross and net wages earned. Plaintiff and similarly situated employees were not able to promptly and easily determine their total hours worked from their paystubs alone. Additionally, Plaintiff and similarly situated employees suffered confusion over whether they received all wages owed and were prevented from effectively challenging information on their wage statements.

52. As a proximate result of Defendants' conduct, Plaintiff and similarly situated employees have been damaged as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## SIXTH CAUSE OF ACTION
## WAITING TIME PENALTIES
### (As to all Defendants)

53. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 52 as though fully set forth herein.

11

CLASS ACTION COMPLAINT

54.     An employer must pay an employee who is terminated all unpaid wages immediately upon termination. *See* Cal. Lab. Code § 201.

55.     An employer must pay an employee who resigns all unpaid wages within seventy-two (72) hours of their resignation. *See* Cal. Lab. Code § 202.

56.     Plaintiff and similarly situated employees did not receive all wages, including minimum and overtime wages, meal and rest period premiums, or all sick leave pay owed at their termination or within the required time after their separation from employment.

57.     An employer who willfully fails to pay an employee wages in accordance with California Labor Code sections 201 and/or 202 must pay the employee a waiting time penalty of up to thirty (30) days. *See* Cal. Lab. Code § 203.

58.     Defendants knew of their obligation to pay Plaintiff's and similarly situated employees' their final wages when their employment terminated.  Indeed, Defendants had knowledge that Plaintiff and similarly situated employees.  Indeed, Defendants had knowledge that their meal and rest period policies and practices failed to authorize and permit all meal and rest period owed, which resulted in missed meal and rest periods.  Defendants also had knowledge that they were paying Plaintiff and similarly situated employees' multiple different rates of pay but failed to take them into account for the purpose of calculating Plaintiff's and similarly situated employees' regular rates of pay.  Such conduct shows Defendants had knowledge of earned, but unpaid wages at the time of separation, yet Defendants still refused to pay the remaining wages owed.

59.     As a proximate result of Defendants' conduct, Plaintiff and similarly situated employees have been damaged and deprived of their wages and thereby seek their daily rate of pay multiplied by thirty (30) days for Defendants' failure to pay all wages due.

## SEVENTH CAUSE OF ACTION
### FAILURE TO REIMBURSE EXPENSES
#### (As to all Defendants)

60.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 59 as though fully set forth herein.

61.     California Labor Code section 2802(a) states that "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of

12
CLASS ACTION COMPLAINT

1  the discharge of his or her duties, or of his or her obedience to the directions of the employer, even

2  though unlawful, unless the employee, at the time of obeying the directions, believed them to be

3  unlawful."

4      62.     Defendants required Plaintiff and similarly situated employees to use their personal

5  phones and vehicles for work purposes but failed to reimburse them for such use.

6      63.     As a proximate result of Defendants' conduct, Plaintiff and similarly situated employees

7  have been damaged as stated in the section below entitled "DAMAGES," which is incorporated here to

8  the extent pertinent as if set forth here in full.

9                          **EIGHTH CAUSE OF ACTION**
                            **UNFAIR COMPETITION**
10                         **(As to OUTBACK, INC. and DOES 1 to 100)**

11      64.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 63 as though fully

12  set forth herein.

13      65.     Unfair competition shall mean and include any unlawful, unfair or fraudulent business act

14  or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1

15  (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code. *See*

16  California Business and Professions ("B&P") Code § 17200.

17      66.     Plaintiff and similarly situated employees were not paid all wages owed, including

18  minimum and overtime wages, and meal and rest period premiums, or reimbursed for business expenses,

19  during their employment or any time thereafter.

20      67.     Plaintiff further alleges that such actions and/or conduct constitute a violation of the

21  California Unfair Competition Law ("UCL") (Business and Professions Code 17200 *et seq.*) pursuant to

22  *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163 (2000).

23      68.     As a direct and legal result of the Defendants' conduct, as alleged herein, pursuant to the

24  UCL (including B&P Code §17203), Plaintiff and similarly situated employees are entitled to

25  restitution, including, but not limited to, interest and penalties pursuant to Business & Professions Code

26  sections 17203, 17208, violations of California Labor Code sections 226.7, 510, 512, and 1194 all in an

27  amount as yet unascertained but subject to proof at trial, for four (4) years from the filing of this Action.

28  //

13

**CLASS ACTION COMPLAINT**

1

<u>**DAMAGES**</u>

2  WHEREFORE Plaintiff requests relief as follows:

3     1.     A jury trial;

4     2.     <u>As to the First Cause of Action:</u>

5         a.     Wages in an amount to be proven at trial;

6         b.     Interest for the wages due pursuant to California Labor Code section 1194;

7         c.     For reasonable attorney's fees and costs incurred pursuant to California Labor

8                Code section 1194;

9     3.     <u>As to the Second Cause of Action:</u>

10         a.     Wages in an amount to be proven at trial;

11         b.     Interest for the wages due pursuant to California Labor Code section 1194;

12         c.     For reasonable attorney's fees and costs incurred pursuant to California Labor

13                Code section 1194;

14         d.     Liquidated damages pursuant to California Labor Code section 1194.2;

15     4.     <u>As to the Third Cause of Action:</u>

16         a.     Wages in an amount to be proven at trial;

17         b.     Attorney's fees, costs and interest pursuant to California Code of Civil Procedure

18                section 1021.5;

19     5.     <u>As to the Fourth Cause of Action:</u>

20         a.     Wages in an amount to be proven at trial;

21         b.     Attorney's fees, costs and interest pursuant to California Code of Civil Procedure

22                section 1021.5;

23     6.     <u>As to the Fifth Cause of Action:</u>

24         a.     Penalties as provided for in Labor Code section 226, including the greater of all

25                actual damages or fifty dollars ($50.00) for the initial pay period in which the

26                violation occurred and one hundred dollars ($100.00) per employee for each

27                violation in the subsequent pay periods, but not to exceed four thousand dollars

28                ($4,000.00);

**CLASS ACTION COMPLAINT**

1         b.     For reasonable attorney's fees and costs incurred pursuant to Labor Code section

2               226(e);

3       7.     <u>As to the Seventh Cause of Action:</u>

4         a.     An amount to be proven at trial;

5         b.     For attorney's fees, interest, and costs pursuant to Labor Code section 2802(c);

6       8.     For such other and further relief as this Court may deem just and proper,

7           including, but not limited to:

8         a.     Wages as proved at trial;

9         b.     Injunctive and Declaratory relief;

10        c.     Attorney's fees and costs as provided for by law; and

11        d.     Interest.

13   Dated: November 2, 2021            **Shimoda Law Corp.**

15               By: _____

16                     Galen T. Shimoda

17                     Justin P. Rodriguez

                       Jessica L. Hart

18                     Attorneys for Plaintiff

# Exhibit B

1 | William M. Woolman, State Bar No. 145124
Charles P. Hamamjian, State Bar No. 298685
2 | **SAGASER, WATKINS & WIELAND, PC**
5260 North Palm Avenue, Suite 400
3 | Fresno, California 93704
Telephone: (559) 421-7000
4 | Facsimile: (559) 473-1483

E-FILED
12/21/2021 4:40 PM
Superior Court of California
County of Fresno
By: C. York, Deputy

5 | Attorneys for Defendant, OUTBACK, INC.

6

7

8 | STATE OF CALIFORNIA

9 | SUPERIOR COURT FOR THE COUNTY OF FRESNO

10 | JESSIE GIL, individually and on behalf of all
other similarly situated employees,          Case No.:   21CECG03273

11 |                                              **ANSWER TO COMPLAINT**

12 |            Plaintiff,

13 | vs.

14 | OUTBACK, INC., a California Corporation,
an individual; and DOES 1 to 100, inclusive,

15

16 |                                              Complaint Filed: November 3, 2021
            Defendants.                          Trial Date:      None Set

17

18 |        COMES NOW Defendant Outback, Inc a California Corporation., (hereinafter referred to

19 | as "Defendant"), hereby answers the Class Action Complaint ("Complaint") of Plaintiff Jessie

20 | Gill, (hereinafter referred to as "Plaintiff") as follows:

21 | **<u>GENERAL DENIAL</u>**

22 |        Defendant generally deny each and every allegation contained therein and the whole

23 | thereof, pursuant to section 431.30 of the California Code of Civil Procedure.  In addition,

24 | Defendant denies Plaintiff has sustained, or will sustain, any loss or damage in the manner or

25 | amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence

26 | thereof on the part of Defendant.

27 | ///

28 | ///

*(left margin, vertical text)* SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

1

ANSWER TO COMPLAINT

011302.00004 - 347020.1

1

## AFFIRMATIVE DEFENSES

2    Defendant asserts the following affirmative and other defenses, which it designates,

3 collectively, as "affirmative defenses." Defendant' designation of its defenses as "affirmative" is

4 not intended in any way to alter Plaintiffs' burden of proof with regard to any element of his

5 causes of action. Defendant also expressly deny the existence of any alleged putative group of

6 persons or "class" that Plaintiff purports to represent in this lawsuit. Defendant incorporates (as if

7 fully set forth therein) this express denial each and every time it references "Plaintiffs."

8

### First Affirmative Defense

9

### (Failure to State a Claim)

10    1.    As a separate and distinctive affirmative defense, Defendant alleges that the

11 Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to

12 constitute a cause of action upon which relief can be granted.

13

### Second Affirmative Defense

14

### (Class Action - Certification Prerequisites)

15    2.    As a separate and distinctive affirmative defense, Defendant alleges that Plaintiffs

16 cannot satisfy the prerequisites for class certification and therefore cannot represent the interest of

17 others.

18

### Third Affirmative Defense

19

### (Class Action - Standing)

20    3.    As a separate and distinctive affirmative defense, Defendant alleges that Plaintiffs

21 lack standing to assert the legal rights or interests of others.

22

### Fourth Affirmative Defense

23

### (Class Action - Lack of Predominance)

24    4.    As a separate and distinctive affirmative defense, Defendant alleges that the types

25 of claims alleged by Plaintiffs on behalf of themselves and/or the alleged putative group they

26 purports to represent are matters in which individual questions dominate and thus are not

27 appropriate for class treatment.

28

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

2

ANSWER TO COMPLAINT

011302.00004 - 347020.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

### Fifth Affirmative Action

#### (Class Action - Lack of Numerosity)

5.     As a separate and distinctive affirmative defense, Defendant alleges that the alleged putative group that Plaintiffs purports to represent are not so numerous that joinder is impossible or impractical.

### Sixth Affirmative Defense

#### (Class Action - Lack of Typicality)

6.     As a separate and distinctive affirmative defense, Defendant alleges that Plaintiffs are not similarly situated to other potential members of the alleged putative group he purports to represent and is an inadequate representative of the alleged putative group.

### Seventh Affirmative Defense

#### (Class Action - Lack of Typicality)

7.     As a separate and distinctive affirmative defense, Defendant alleges that certain of the interests of the alleged putative group are in conflict with the interests of all or certain subgroups of the members of the putative group.

### Eighth Affirmative Defense

#### (Class Action - Lack of Superiority)

8.     As a separate and distinctive affirmative defense, Defendant alleges that Plaintiffs have not shown and cannot show that class treatment of the purported causes of action in their Complaint is superior to other methods of adjudicating the controversy.

### Ninth Affirmative Defense

#### (Class Action - Lack of Manageability)

9.     As a separate and distinctive affirmative defense, Defendant alleges that the Complaint and each purported cause of action alleged therein, cannot proceed as a purported class or collective action because of difficulties likely to be encountered that render the action unmanageable.

///

011302.00004 - 347020.1

1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

### Tenth Affirmative Defense

#### (Class Action - Violation of Due Process)

10.     As a separate and distinctive affirmative defense, Defendant alleges that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant' due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution. Defendant reserve the right to amend its answer upon further investigation and discovery of facts supporting this defense.

### Eleventh Affirmative Defense

#### (Labor Code §§ 226.7 and 512 No Private Right of Action)

11.     As a separate and distinctive affirmative defense, Defendant alleges that there is no private right of action for an employee to recover damages under Sections 226.7 and 512 of the California Labor Code.

### Twelfth Affirmative Defense

#### (Labor Code §§ 226.7 and 512 - Compliance with Obligations)

12.     As a separate and distinctive affirmative defense, Defendant alleges that it acted under a reasonable and good faith belief that it complied with its obligations, if any, under the California Labor Code, specifically including Sections 226.7 and 512 thereof, as to Plaintiff and all putative class member(s).

### Thirteenth Affirmative Defense

#### (No Failure to Provide Meal or Rest Periods)

13.     As a separate and distinctive affirmative defense, Defendant alleges that it was not required to and/or did not fail to provide meal or rest periods pursuant to the California Labor Code, applicable wage orders issued by the Industrial Welfare Commission, or any other basis.

///

///

///

4

ANSWER TO COMPLAINT

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

**Fourteenth Affirmative Defense**

**(Good Faith)**

14.     As a separate and distinctive affirmative defense, Defendant are informed and believes that further investigation and discovery will reveal, and on that basis alleges, that if any violation of the Labor Code or an Order of the Industrial Welfare Commission occurred, it was an act or omission made in good faith and Defendant have reasonable grounds for believing that its meal and rest period practices complied with applicable laws and that any such act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission such that Plaintiff and/or the putative class members are not entitled to any damages.

**Fifteenth Affirmative Defense**

**(De Minimis)**

15.     As a separate and distinctive affirmative defense, Defendant alleges that the Complaint and each cause of action therein, or some of them, are barred to the extent the work allegedly performed was de minimis in nature.

**Sixteenth Affirmative Defense**

**(Bus. & Prof. Code §17200 - Violates Due Process)**

16.     As a separate and distinctive affirmative defense, Defendant alleges that the prosecution of a representative action on behalf of the general public under California Business and Professions Code section 17200 et seq., as applied to the facts and circumstances of this case, would constitute a denial of Defendant' due process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

**Seventeenth Affirmative Defense**

**(Bus. & Prof. Code §17200 - No Penalties)**

17.     As a separate and distinctive affirmative defense, Defendant alleges that Plaintiffs and the putative class members cannot recover waiting time or other penalties under California Business and Professions Code section 17200 et seq.

5

ANSWER TO COMPLAINT

011302.00004 - 347020.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

### Eighteenth Affirmative Defense

### (Bus. & Prof. Code § 17200 — No Violation)

18.     As a separate and affirmative defense, Defendant alleges that its business practices were not "unfair," "unlawful," or "deceptive" within the meaning of California Business and Professions Code section 17200 et seq.

### Nineteenth Affirmative Defense

### (Penalties Barred)

19.     As a separate and distinctive affirmative defense, Defendant alleges that Plaintiffs' prayer for restitution pursuant to Business and Professions Code Section 17200 et seq. is barred with respect to penalties of any nature.

### Twentieth Affirmative Defense

### (Labor Code §226 - Lack of Injury)

20.     As separate and distinctive affirmative defense, Plaintiffs sustained no injury from any alleged failure by Defendant to comply with Labor Code section 226.

### Twenty-First Affirmative Defense

### (Labor Code § 226 - Good Faith)

21.     As a separate and distinctive affirmative defense, Defendant alleges that they acted in good faith at all times concerning Plaintiffs.

### Twenty-Second Affirmative Defense

### (Labor Code § 226 - No Intentional Failure)

22.     As a separate and distinctive affirmative defense, Defendant alleges that, even assuming arguendo that Plaintiff was not provided with proper itemized statements of wages and deductions, or that electronic wage statements do not comply with Labor Code, Plaintiff is not entitled to recover damages or penalties because Defendant' alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

///

6

ANSWER TO COMPLAINT

011302.00004 - 347020.1

1

2

**Twenty-Thirty Affirmative Defense**

**(Labor Code § 226.3 - Lack of Standing)**

3      23.    As a separate and distinctive affirmative defense, Defendant alleges that Plaintiffs

4   lacks standing to bring this action for, and the court lacks jurisdiction to award, certain of the

5   monetary penalties sought in the Complaint, including, but not limited to those penalties claimed

6   pursuant to California Labor Code section 226.3, as such penalties may only be imposed in a

7   proceeding brought by the California Labor Commission.

8

**Twenty-Fourth Affirmative Defense**

9

**(No Willful or Intentional Violation)**

10      24.    As a separate and distinctive affirmative defense, Defendant alleges that the

11   Complaint fails to state a claim for penalties because Defendant did not willfully or intentionally

12   violate the Labor Code.

13

**Twenty-Fifth Affirmative Defense**

14

**(Labor Code §§ 201 and 202 - No Obligation)**

15      25.    As a separate and distinctive affirmative defense, Defendant alleges that the

16   Complaint fails to state a claim for penalties in which relief may be granted under the California

17   Labor Code because there exists a bona fide dispute as to the existence and/or extent of

18   Defendant' obligations to Plaintiffs and/or the putative class members under any applicable Labor

19   Code provisions, including without limitation, Labor Code section 203.

20

**Twenty-Sixth Affirmative Defense**

21

**(Failure to State a Claim for Attorneys' Fees and Costs)**

22      26.    As a separate and distinctive affirmative defense, Defendant alleges that Plaintiffs

23   failed to state facts sufficient to constitute a claim for which attorneys' fees and costs may be

24   awarded.

25   ///

26   ///

27   ///

28

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone (559) 421-7000

7

ANSWER TO COMPLAINT

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

**Twenty-Seventh Affirmative Defense**

**(Lack of Specificity)**

27.     As a separate and distinctive affirmative defense, Defendant alleges that Plaintiffs failed to allege special damages with requisite specificity.

**Twenty-Eighth Affirmative Defense**

**(Statute of Limitations)**

28.     As a separate and distinctive affirmative defense, Defendant alleges that each purported cause of action set forth in the Complaint is barred in whole or in part by the applicable statue(s) of limitation, including without limitation, California Code of Civil Procedure sections 338(a), 340(a), and 250(a) and (b); Business and Professions Code section 17208, and Labor Code sections 203 and 226(a); and the one-year statute of limitations applicable to claims under the Private Attorney General Act.  Without limitation, Plaintiffs' Class Action Complaint was filed on or about February 25, 2021.  To the extent the Plaintiffs seeks to pursue any causes of action for relief that were or are untimely as of February 25, 2021, those causes of action for relief are barred.

**Twenty-Ninth Affirmative Defense**

**(Liquidated Damages)**

29.     As a separate and distinctive affirmative defense, Defendant alleges that it had a good faith and reasonable belief that it was in compliance with applicable law and that, accordingly no liquidated damages should be awarded to Plaintiffs for any violation thereof that may be found to exist.

**Thirtieth Affirmative Defense**

**(Prejudgment Interest)**

30.     As a separate and distinctive affirmative defense, Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain or proper to allow an award of prejudgment interest.

///

8

ANSWER TO COMPLAINT

011302.00004 - 347020.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

### Thirty-First Affirmative Defense

### (Mitigation of Damages)

31.     As a separate and distinct affirmative defense, Defendant alleges that it is informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiffs failed to exercise reasonable care to mitigate his damages, if any were suffered, and that his right to recover against Defendant should be reduced and/or eliminated by such a failure.

### Thirty-Second Affirmative Defense

### (Waiver)

32.     As a separate and distinctive affirmative defense, Defendant are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, the Complaint and each cause of action set forth therein is barred by the equitable doctrine of waiver. Defendant reserve the right to amend its answer upon further investigation and discovery of facts supporting this defense.

### Thirty-Third Affirmative Defense

### (Estoppel)

33.     As a separate and distinctive affirmative defense, Defendant are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis, alleges, the Complaint and each cause of action set forth therein is barred by the equitable doctrine of estoppel. Defendant reserve the right to amend its answer upon further investigation and discovery of facts supporting this defense.

///

///

///

///

///

///

ANSWER TO COMPLAINT

011302.00004 - 347020.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

### Thirty-Fourth Affirmative Defense

### (Laches)

34.   As a separate and distinctive affirmative defense, Defendant are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein is barred by the equitable doctrine of laches. Defendant reserves the right to amend its answer upon further investigation and discovery of facts supporting this defense.

### Thirty-Fifth Affirmative Defense

### (Unclean Hands)

35.   As a separate and distinctive affirmative defense, Defendants are informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis, alleges, the Complaints and each cause of action set forth therein are barred by the equitable doctrine of unclean hands. Defendant reserve the right to amend its answer upon further investigation and discovery of fact supporting this defense.

### Thirty-Sixth Affirmative Defense

### (Breach of Duty)

36.   As a separate and distinct affirmative defense, Defendant are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiffs' claims are barred by his own breach of the duties owed to Defendant under California Labor Code sections 2854, 2856, 2857, 2858 and/or 2859.

### Thirty-Seventh Affirmative Defense

### (Preliminary and Postliminary Duties)

37.   Defendant alleges that, assuming Plaintiffs and proposed class members are entitled to any overtime, the walking, riding, traveling and preliminary and postliminary activities of Plaintiffs and the proposed members of the class must be excluded from compensable hours of work.

///

10

ANSWER TO COMPLAINT

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

### Thirty-Eighth Affirmative Defense

### (Adequate Remedy at Law)

38.     Defendant alleges that Plaintiffs and proposed class members are not entitled to equitable relief insofar as they have an adequate remedy at law.

### Thirty-Ninth Affirmative Defense

### (Federal Law Preemption)

39.     Defendant alleges that Plaintiffs and the proposed class members' state law claims are preempted by the exclusive remedy of the Fair Labor Standards Act, Federal Motor Carrier Safety Administration Regulations and the Portal-to Portal Pay Act, including but limited to any overtime claim and/or meal and rest break claim.

### Fortieth Affirmative Defense

### (Portal-to-Portal Act Preemption)

40.     Defendant alleges that, assuming Plaintiffs or members of the proposed class are entitled to any overtime, Defendant are entitled to a credit or set off.  This credit or set off includes but is not limited to, amounts erroneously overpaid to Plaintiffs and/or members of the proposed class, as well as work performed not to the benefit of the Defendant. The claims of Plaintiffs and/or members of the proposed class are barred because they would be unjustly enriched if they prevailed on any of said claims.

### Forty-First Affirmative Defense

### (Improper Party)

41.     Defendant alleges that they are an improper party to lawsuit.

### Forty-Second Affirmative Defense

### (Work Performed for Employee's Convenience)

42.     As a separate and distinctive affirmative defense, Defendant alleges that the time Plaintiffs and the putative class members spent performing any task for Plaintiffs and putative class members' own convenience is not compensable time.

///

///

11

ANSWER TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

### Forty-Third Affirmative Defense

#### (Accord and Satisfaction)

43.     As a separate and distinctive affirmative defense, Defendant alleges Plaintiffs' claims are barred by the doctrine of accord and satisfaction. Specifically, Plaintiff was properly and fully compensated for all work performed for Defendant, and Plaintiffs' respective acceptances of these payments constitute an accord and satisfaction for all debts, if any, owed by Defendant to Plaintiffs.

### Forty-Fourth Affirmative Defense

#### (No Damages)

44.     As a separate and distinctive affirmative defense, Defendant alleges Plaintiffs' claims are barred to the extent Plaintiffs were not damaged by any alleged act, omission, or violation of statute or wage order allegedly committed by Defendant.

### Forty-Fifth Affirmative Defense

#### (Election of Remedies)

45.     As a separate and distinctive affirmative defense, Defendant alleges Plaintiffs' Complaint, and each claim and purported cause of action alleged therein, is barred in whole or in part to the extent that Plaintiffs, and anyone he claims to represent, have previously obtained a final decision on any claims(s) within the scope of this lawsuit, whether before the California Department of Industrial Relations, California Division of Labor Standards Enforcement, other governmental agencies, or any court of competent jurisdiction. Such individuals are therefore precluded from recovering in this matter.

///

///

///

///

///

///

ANSWER TO COMPLAINT

011302.00004 - 347020.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

### Forty-Sixth Affirmative Defense

### (Ambiguity)

46.     As a separate and distinctive affirmative defense, Defendant alleges Plaintiffs' Complaint, and each alleged cause of action therein, does not describe the claims against Defendant with sufficient particularity and certainty to enable Defendant to determine what defenses exist. Defendant reserves the right to assert all defenses that may be pertinent to or arise from Plaintiffs' claims.

### Forty-Seventh Affirmative Defense

### (Failure to Exhaust Remedies Through the Labor Commissioner or otherwise)

47.     As a separate and distinctive affirmative defense, Defendant alleges that Plaintiffs' causes of action are barred to the extent that Plaintiffs failed to exhaust available administrative remedies through the Labor Commissioner or other government agencies, including Plaintiffs' failures to exhaust administrative remedies as required pursuant to Labor Code section 2699.3 before filing a Labor Code Private Attorneys General Act of 2004 ("PAGA") action.

### Forty-Eighth Affirmative Defense

### (ERISA Preemption)

48.     As a separate and distinctive affirmative defense, Defendant alleges Plaintiffs' Complaint, and each cause of action therein, is preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.,* to the extent Plaintiffs' seek damages for the alleged loss of any covered employee benefit.

### Forty-Ninth Affirmative Defense

### (Bad Faith)

49.     As a separate and distinctive affirmative defense, Defendant alleges that Plaintiffs have acted in bad faith, and therefore, barring Plaintiff from any and all recovery from this answering Defendant.

///

///

13

ANSWER TO COMPLAINT

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

### Fiftieth Affirmative Defense

#### (Consent/Ratification)

50.     As a separate and distinctive affirmative defense, Defendant alleges that Plaintiffs by reason of his knowledge, statements, and conduct, and by reason of the knowledge, statements, and conduct of their agents, has consented to and ratified the acts of Defendant barring Plaintiffs from any and all recovery from Defendant.

### Fifty-First Affirmative Defense

#### (Offset)

51.     As a separate and distinctive affirmative defense, Defendant alleges that money owed by Defendant to Plaintiffs, if any, which Defendant deny, is offset either in whole or in part, by money owed and due to Defendant by Plaintiffs barring Plaintiffs from any and all recovery from this answering Defendant.

### Fifty-Second Affirmative Defense

#### (Attorneys' Fees)

52.     As a separate and distinctive affirmative defense, Defendant alleges that Plaintiffs' claims against Defendant are frivolous, unreasonable and groundless and, accordingly Defendant should recover all costs and attorneys' fees incurred herein.

### Fifty-Third Affirmative Defense

#### (No Permission to Work)

53.     As a separate and distinctive affirmative defense, Defendant alleges that neither Plaintiffs nor any putative class member was suffered or permitted to work during the time for which they were not paid the appropriate wage rate, including the overtime wage rate and provided lunch periods and rest periods in accordance with applicable law.

///

///

///

///

14

ANSWER TO COMPLAINT

011302.00004 - 347020.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

## Fifty-Fourth Affirmative Defense

### (No Knowledge)

54.     As a separate and distinctive affirmative defense, Defendant alleges that if either Plaintiff or any putative class member "worked" overtime hours for which overtime compensation was not paid, Defendant have no knowledge of such overtime "work" and such overtime "work" was undertaken without the consent, knowledge or permission of Defendant.

## Fifty-Fifth Affirmative Defense

### (Legitimate Business Reasons)

55.     As a separate and distinctive affirmative defense, Defendant alleges that all actions taken with regard to Plaintiffs and the putative class members, if any, were just, fair, honest, in good faith, privileged, and based upon legitimate business reasons.

## Fifty-Sixth Affirmative Defense

### (Scope)

56.     As a separate and distinctive affirmative defense, Defendant alleges that any unlawful or other wrongful acts of any person(s) employed by Defendant was outside the scope of its authority and such act(s), if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know or have reason to be aware of such conduct.

## Fifty-Seventh Affirmative Defense

### (Conformity)

57.     As a separate and distinctive affirmative defense, Defendant alleges that, at all times, its treatment of Plaintiffs, and all purported class members, was in good faith, in conformity with and in reliance upon a written administrative regulation, order, ruling or interpretation of the federal Department of Labor Wage and Hour Division, the California Labor Commissioner, the California Industrial Welfare Commission, and/or on administrative practices and policies applicable to Defendant by federal and state agencies.

///

///

---

15

ANSWER TO COMPLAINT

011302.00004 - 347020.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

### Fifty-Eighth Affirmative Defense

### (Due Process)

58.     As a separate and distinctive affirmative defense, Defendant alleges that, to the extent Plaintiffs and the putative class members seek statutory or other penalties, such claims must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

### Fifth-Ninth Affirmative Defense

### (Meal Period Waiver)

59.     As a separate and distinctive affirmative defense, Defendant alleges that, Plaintiff's claim(s) and/or cause(s) of action for alleged failure to provide an unpaid meal period when employees worked fewer than 6 hours in a workday and/or failed to provide a second unpaid meal period when employees worked more than 10 hours in a workday, fail in whole or in part because Plaintiffs, and each member of the purported class Plaintiffs purports to represent, waived such unpaid meal periods as provided for by Labor Code section 512 and/or as provided for by the applicable order of the Industrial Welfare Commission, and/or simply failed to avail themselves of such unpaid meal periods.

### Sixtieth Affirmative Defense

### (No Willful Failure To Pay)

60.     As a separate and distinctive affirmative defense, Defendant alleges that the Complaint fails to state a claim for waiting time penalties, or otherwise, in that Defendant' alleges failure to pay wages at the time of discharge, if any, was not willful.

### Sixty-First Affirmative Defense

### (No Knowledge or Intent)

61.     As a separate and distinctive affirmative defense, Defendant alleges that the Complaint fails to state a claim for a violation of California Labor Code section 226, or otherwise, in that Defendant' allege failure to maintain records, if any, was not knowing or intentional.

///

///

ANSWER TO COMPLAINT

011302.00004 - 347020.1

1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

### Sixty-Second Affirmative Defense

### (Indemnification)

62.     As a separate and distinctive affirmative defense, Defendant alleges that the Complaint fails to state a claim under Labor Code section 2802, or otherwise, in that any alleged expenses Plaintiffs may have incurred while employed by Defendant, if any, were not the result of discharging his work duties for Defendant and were not necessary expenditures required to perform his work duties for Defendant.

### Sixty-Third Affirmative Defense

### (Reservation of Rights)

63.     As a separate and distinctive affirmative defense, Defendant alleges that Defendant presently has insufficient knowledge upon which to form a belief as to whether any additional, as yet unstated, affirmative defenses to the Complaint are applicable.  Defendant reserves the right to assert additional affirmative defenses if appropriate.

### Sixty Fourth Affirmative Defense

### (Arbitration Agreement)

64.     As a separate and distinctive affirmative defense, Defendants allege that the Complaint, and each cause of action alleged therein, is barred on the grounds that a valid and binding arbitration agreement exists subjecting Plaintiff's Complaint, and claims alleged on behalf of purported class members, to Arbitration.

///
///
///
///
///
///
///

17

ANSWER TO COMPLAINT

011302.00004 - 347020.1

**PRAYER FOR RELIEF**

WHEREFORE, Defendant pray for relief as follows:

1.   That Plaintiffs takes nothing and that the Complaint be dismissed in its entirety with prejudice;

2.   That judgment be entered in Defendants' favor;

3.   That Defendant be awarded its attorneys' fees and costs of suit herein accordance with Labor Code § 218.5; and

4.   That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: December 21, 2021                SAGASER, WATKINS & WIELAND PC

                                        By: _____
                                        William M. Woolman
                                        Charles P. Hamamjian
                                        Attorneys for Defendant,
                                        Outback, Inc.

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

18
ANSWER TO COMPLAINT

011302.00004 - 347020.1

**PROOF OF SERVICE**
(CODE CIV. PROC. § 1013A(3))

STATE OF CALIFORNIA, COUNTY OF FRESNO

I am employed in the County of Fresno, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 5260 North Palm Avenue, Suite 400, Fresno, California 93704.

On December 2 , 2021, I served the following document(s) described as **ANSWER TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☑ **BY MAIL:** I deposited such envelope in the mail at Fresno, California. The envelope(s) was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☐ **BY OVERNIGHT COURIER:** I sent such document(s) on December 21, 2021, by with postage thereon fully prepaid at Fresno, California.

☐ **BY FAX:** I sent such document by use of facsimile machine telephone number (559) 473-1483. Facsimile cover sheet and confirmation is attached hereto indicating the recipients' facsimile number and time of transmission pursuant to California Rules of Court Rule 2.306. The facsimile machine I used complied with California Rules of Court Rule 2.301(3) and no error was reported by the machine.

☐ **BY PERSONAL SERVICE:** I placed the above document in a sealed envelope. I caused said envelope to be handed to our messenger service to be delivered by hand to the above address(es).

☐ **BY EMAIL:** I sent such document by use of email to the email address(es) above. (CCP § 1013(a)) Such document was scanned and emailed to such recipient and email confirmation is attached hereto indicating the recipients' email address and time of receipt pursuant to CCP § 1013(a).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 24, 2021, at Fresno, California.

_____
Dayana Ochoa

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

PROOF OF SERVICE

011302.00004 - 347020.1

1

**SERVICE LIST**

2    Galen T. Shimoda                    *Attorney for Plaintiff*

3    Justin P. Rodriguez
     Jessica L. Hart

4    **SHIMODA LAW CORP.**
     9401 East Stockton Boulevard, Suite 120

5    Elk Grove, CA 95624
     Telephone: (916) 525-0716

6    Facsimile: (916) 760-3733
     Email: attorney@shimodalaw.com

7             jrodriguez@shimodalaw.com

8             clopez@shimodalaw.com
              aphonglom@shimodalaw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

PROOF OF SERVICE

011302.00004 - 347020.1

# Exhibit C

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* SHIMODA LAW CORP. | FOR COURT USE ONLY |
|---|---|
| Galen T. Shimoda (SBN 226752) Justin P. Rodriguez (SBN 278275) Jessica L. Hart (331441) 9401 E. Stockton Blvd., Suite 120 Elk Grove, CA 95624 | |

TELEPHONE NO.: (916) 525-0716    FAX NO. *(Optional):* (916) 760-3733
E-MAIL ADDRESS *(Optional):* attorney@shimodalaw.com; jhart@shimodalaw.com
ATTORNEY FOR *(Name):* Plaintiff Jesse Gil

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno, CA 93721
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER: Jesse Gil

DEFENDANT/RESPONDENT: Outback, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 21CECG03273 |
|---|---|

TO *(insert name of party being served):* Outback, Inc. c/o William M. Woolman

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 5, 2021

Jozette Tabagon
_____
(TYPE OR PRINT NAME)

▷ *[signature]*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
   Civil Case Cover Sheet
   Notice of Case Management Conference and Assignment of Judge for All Purposes
   Alternative Dispute Resolution Information Packet

*(To be completed by recipient):*

Date this form is signed: November 24, 2021

Charles P. Hamamjian on behalf of Outback, Inc.
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▷ *[signature]*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1 Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

**PROOF OF SERVICE**

(FRCP(5))

STATE OF CALIFORNIA, COUNTY OF FRESNO

I am employed in the County of Fresno, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is 5260 North Palm Avenue, Suite 400, Fresno, California 93704.

On December *22*, 2021, I served the following document(s) described as **DEFENDANT OUTBACK INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(a) [FEDERAL QUESTION](Fresno Superior Court Case No. 21CECG03273)** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☑ **BY MAIL:** I deposited such envelope in the mail at Fresno, California.  The envelope(s) was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☐ **BY OVERNIGHT COURIER:** I sent such document(s) on December 22, 2021, by with postage thereon fully prepaid at Fresno, California.

☐ **BY FAX:** I sent such document by use of facsimile machine telephone number (559) 473-1483.  Facsimile cover sheet and confirmation is attached hereto indicating the recipients' facsimile number and time of transmission pursuant to California Rules of Court Rule 2.306.  The facsimile machine I used complied with California Rules of Court Rule 2.301(3) and no error was reported by the machine.

☐ **BY PERSONAL SERVICE:** I placed the above document in a sealed envelope.  I caused said envelope to be handed to our messenger service to be delivered by hand to the above address(es).

☐ **BY EMAIL:** I sent such document by use of email to the email address(es) above. (CCP § 1013(a))  Such document was scanned and emailed to such recipient and email confirmation is attached hereto indicating the recipients' email address and time of receipt pursuant to CCP § 1013(a).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December *22* 2021, at Fresno, California.

_____
Dayana Ochoa

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

PROOF OF SERVICE

011302.00004 - 347393.1

**SAGASER, WATKINS & WIELAND PC**
ATTORNEYS AT LAW
5280 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

1

### SERVICE LIST

2
Galen T. Shimoda                                    *Attorney for Plaintiff*

3
Justin P. Rodriguez
Jessica L. Hart

4
**SHIMODA LAW CORP.**
9401 East Stockton Boulevard, Suite 120

5
Elk Grove, CA 95624
Telephone: (916) 525-0716

6
Facsimile: (916) 760-3733
Email: attorney@shimodalaw.com

7
        jrodriguez@shimodalaw.com

8
        clopez@shimodalaw.com
        aphonglom@shimodalaw.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

011302.00004 - 347393.1