1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Jessie Gil, et al.,                                    No. 1:21-cv-01803-NODJ-EPG

12                          Plaintiffs,                       ORDER

13           v.

14    Outback, Inc., et al.,

15                          Defendants.

16

17          Plaintiff Jessie Gil moves to remand this action to the Fresno County Superior Court.

18    Defendant Outback, Inc. removed the case to this court asserting federal question jurisdiction,

19    citing its plan to raise an affirmative defense based on preemption by the Motor Carrier Safety

20    Act of 1984 (FMCSA) and the Fair Labor Standards Act (FLSA).  Neither of these federal

21    statutes completely preempts Mr. Gil's claims, and affirmative defenses—even those based on

22    preemption defenses—do not support this court's jurisdiction, so the court **grants** the motion to

23    remand.[1]

---

[1] In the interests of justice and efficiency, and addressing the heavy civil caseloads in the
Fresno courthouse, the undersigned resolves the pending motion to remand, ECF No. 6, without
the case being reassigned.

I.      **BACKGROUND**

Mr. Gil asserts several claims based on California labor law and workplace protections related to minimum wages, meal and rest breaks, pay slips, and similar subjects.  *See* Complaint ("Compl.") ¶¶ 1, 27–68, Not. Removal, Ex. A, ECF No. 1.[2]  Outback, a building materials company, is his former employer.  Compl. ¶ 15; Decl. Deni Armas ¶ 2, ECF No. 1–2.  He and other similarly situated employees drove ready-mix concrete to and from construction sites in central California.  Compl. ¶ 15.

Outback removed the case to this court in late 2022.  *See generally* Not. Removal, ECF No. 1.  It relied on 28 U.S.C. § 1331, which gives federal courts original jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States," citing the FMCSA and FMLA and arguing those laws completely preempt Gil's California-law claims.  Not. Removal ¶¶ 1–2.  In support of the notice, Outback provided a declaration by Deni Armas, its payroll coordinator and human resources manager, who asserts that Outback is registered as a federal motor carrier with the Federal Motor Carrier Safety Administration -- and is subject to that agency's federal regulations for commercial drivers, which covers drivers such as Mr. Gil.  Not. Removal, Decl. Deni Armas ¶ 3, ECF No. 1–2; *see generally* Opp'n, Decl. Deni Armas ¶ 4–5, ECF No. 11–2.  Mr. Gil moves to remand the case to state court.  He argues short-haul drivers like himself are expressly excluded from the agency's hours of service requirements for commercial drivers.  Mot. Remand 1:19–24, ECF No. 6–1.  He also contends ordinary federal preemption defenses are insufficient to support removal.  *Id.*  Outback opposes the motion, and Mr. Gil has replied.  Opp'n, ECF No. 11; Reply, ECF No. 12.  The court took the matter under submission without hearing oral arguments.  Min. Order, ECF Nos. 8, 14.

Defendant has requested judicial notice of caselaw and the Department of Transportation's legal opinion.  *See* Request for Judicial Notice (RJN), ECF No. 11–1.  The court considers the cases without taking judicial notice, but grants the request as to the federal agency's legal opinion because it is a matter of official public record "capable of accurate and ready

---

[2] Citations to documents filed on the docket refer to CM/ECF pagination.

1    determination by resort to sources who accuracy cannot reasonably be questioned." *See Reyn's*

2    *Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial

3    notice of court filings and other matters of public record.").

4    **II.    LEGAL STANDARD**

5         "On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a

6    preponderance of the evidence." *Taylor v. United Road Servs.*, 313 F. Supp. 3d 1161, 1168 (E.D.

7    Cal. 2018) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89

8    (2014); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 978 (9th Cir. 2013)).  "The

9    removal statute is strictly construed, and any doubt about the right of removal requires resolution

10   in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir.

11   2009).  Removal under § 1331 is governed by the "well-pleaded complaint rule," which provides

12   that federal question jurisdiction exists only when "a federal question is presented on the face of

13   plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

14   "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by

15   exclusive reliance on state law." *Id.*  Ordinary preemption defenses do not on their own support

16   removal jurisdiction if a plaintiff pleads solely state law claims. *Metro. Life Ins. Co. v. Taylor*,

17   481 U.S. 58, 63 (1987).

18        An exception to this rule, known as the complete preemption doctrine, permits removal

19   when "the preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state

20   common-law complaint into one stating a federal claim for purposes of the well-pleaded

21   complaint rule.'" *Caterpillar.*, 482 U.S. at 393 (citing *Metro. Life*, 481 U.S. at 65); *see also*

22   *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8 (2003).  The test for complete preemption is

23   demanding.  *See In re Miles*, 430 F.3d 1083, 1088 (9th Cir. 2005).  "[A] state claim may be

24   removed to federal court in only two circumstances—when Congress expressly so provides . . . or

25   when a federal statute wholly displaces the state-law cause of action through complete pre-

26   emption." *Beneficial Nat'l Bank*, 539 U.S. at 8.  "[T]here are only a 'handful of "extraordinary"

27   situations where even a well-pleaded state law complaint will be deemed to arise under federal

28   law for jurisdictional purposes.'" *Perez v. Sierra Mountain Express Inc.*, 2021 WL 100591, at *2

1   (E.D. Cal. Jan. 12, 2021) (quoting *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir.

2   1993)).  The Supreme Court has identified only three statutes that qualify for complete

3   preemption: the Labor Management Relations Act, 29 U.S.C. § 186(a), *see Avco Corp. v. Aero*

4   *Lodge No. 735*, 390 U.S. 557 (1968), the Employee Retirement Income Security Act of 1974, 29

5   U.S.C. § 1001 et seq., *see Metro. Life*, 481 U.S. 58, and the National Bank Act, 12 U.S.C. §§ 85–

6   86, *see generally Beneficial Nat'l Bank*, 539 U.S. 1 (2003).

7   **III.   REMOVAL JURISDICTION**

8           Outback argues the FMCSA and the FMLA both completely preempt Gil's claims.  The

9   court considers these arguments in turn.

10          **A.        The FMCSA Does Not Completely Preempt Mr. Gil's Claims**

11          To argue the FMCSA completely preempts Mr. Gil's rest and meal break claims Outback

12  relies on the Ninth Circuit's decision in *International Brotherhood of Teamsters, Local 2785 v.*

13  *Federal Motor Carrier Safety Administration*, 986 F.3d 841 (9th Cir. 2021), and a Central District

14  court decision interpreting that case, *Razo v. CEMEX Construction Materials Pacific, LLC*, 2021

15  WL 325638 (C.D. Cal. Feb. 1, 2021).  *See* Opp'n Remand 5:16–21, ECF No. 11.

16          In *Teamsters*, the Ninth Circuit held that a 2018 order by the Federal Motor Carrier Safety

17  Administration was a lawful exercise of the agency's power under the FMCSA.  986 F.3d at 846.

18  The *Teamsters* court "applied an ordinary *conflict preemption* analysis to reach its conclusion that

19  California's meal and rest break rules were preempted," without relying on the complete

20  preemption doctrine.  *Lindsey v. WC Logistics, Inc.*, 586 F. Supp. 3d 983, 990 (N.D. Cal. 2022)

21  (emphasis in original).  The conflict preemption analysis "would have been wholly unnecessary if

22  the FMSCA *completely preempted* state law."  *Id.* (emphasis in original).  For complete

23  preemption to apply, Congress must have intended that the subject statute—here, 49 U.S.C.

24  § 31141—provide the exclusive cause of action.  *Id.* (citing *Beneficial Nat'l Bank*, 539 U.S. at 9.)

25  Congress did not have that intent when it passed the FMCSA.  That statute expressly allows state

26  laws with the "same effect as" the federal regulations to be enforced, thus undermining any

27  argument that Congress intended to entirely displace state law causes of action.  *Id.*  *Teamsters*

28  therefore does not support Outback's position.

1    As two other California district courts have explained, the district court in *Razo* reached

2    the incorrect opposite conclusion.  "The court in *Razo* appears to have erred in concluding that the

3    regulation evinced complete preemption of state law . . . Complete preemption cannot be

4    achieved by regulation, as *Razo* suggests."  *Id.* (citing *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th

5    Cir. 2013) ("Complete preemption is a limited doctrine that applies only where a federal statutory

6    scheme is so comprehensive that it entirely supplants state law causes of action.")); *see also*

7    *Harris v. Venture Transp., LLC*, 2022 WL 2464860, at *2 (C.D. Cal. July 6, 2022) (reasoning

8    similarly).  In addition, the district court in *Razo* did not distinguish between ordinary conflict

9    preemption and complete preemption, and it did not cite or apply the Supreme Court's test for

10    complete preemption.  *See Lindsey*, 586 F. Supp. 3d at 990.

11    Outback has not shown that Congress intended to completely preempt state law when it

12    passed the FMCSA, so this court may not assert exclusive jurisdiction over this case based on the

13    FMCSA.

14    **B.    The FLSA Does Not Completely Preempt Mr. Gil's Claims**

15    Outback contends the FLSA completely preempts state law under 29 U.S.C. § 216(b).

16    Though 29 U.S.C. § 216(b) provides that "[a]n action . . . may be maintained against any

17    employer (including a public agency) in any Federal or State court of competent jurisdiction," the

18    United States Supreme Court has never held that the FLSA completely preempts state claims.  It

19    has held only that a suit under the FLSA may be removed from state to federal court.  *Breuer v.*

20    *Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 700 (2003).  Mr. Gil does not bring any claims

21    under the FLSA.  Outback's assertion that the FLSA is implicated by way of an exemption is not

22    a legally sufficient basis for federal question jurisdiction.  *See Ware v. Security Nat'l Servicing*

23    *Corp.*, 2005 WL 1489920, at *5 (E.D. Cal. June 17, 2005) (remanding because totality of

24    circumstances demonstrated plaintiff was neither asserting federal claim for relief under FLSA

25    nor seeking federal remedies).

26    Outback cites no case in which any court has held the FLSA completely preempts state

27    law, and the court is aware of none.  To the contrary, district courts consistently have held the

28    FLSA does not completely preempt state laws.  *See, e.g.*, *Cummings v. Cenergy Int'l Servs., LLC*,

1   258 F. Supp. 3d 1097, 1107 (E.D. Cal. 2017); *Hurt v. Del Papa Distrib. Co., L.P.*, 425 F. Supp.

2   2d 853, 857 (S.D. Tex. 2004).  "This is not to say that [Mr. Gil's] claims are not preempted by the

3   FLSA in the ordinary sense—ordinary preemption simply does not implicate the [c]ourt's subject

4   matter jurisdiction."  *Cummings*, 258 F. Supp. 3d at 1108.

5          Outback has not shown removal is proper based on the FLSA.

6   **IV.     FEES AND COSTS**

7          Mr. Gil requests an award of attorneys' fees and costs under 28 U.S.C. § 1447(c).  *See*

8   Mot. Remand at 11.  The court declines to award fees and costs because it was not unreasonable

9   for Outback to remove this action and oppose Mr. Gil's motion.  District courts have reached

10  contrary conclusions about the FMCSA's preemptive force, as explained above.  *See Grancare,*

11  *LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018) ("Absent unusual

12  circumstances, a court may award costs and attorney's fees under § 1447(c) only where the

13  removing party lacked an objectively reasonable basis for seeking removal. . . . [T]he degree of

14  clarity in the relevant law at the time of removal is a relevant factor in determining whether a

15  defendant's decision to remove was reasonable.").

16  **V.      CONCLUSION**

17         The motion to remand is **granted**.  The request for fees and costs is **denied.**

18         This order resolves ECF No. 6 and closes the case.

19         IT IS SO ORDERED.

20  DATED:  December 4, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE
